STATE OF VERMONT *v.* WILLIAM H. DEAVITT.

*Intoxicating Liquors. Sufficiency of Complaint. Gen. Sts. ch.*
94, § 10.

A complaint alleging that the respondent "was found in such a state of intoxication by the use of intoxicating liquor, as to break and disturb the public peace," is sufficient under § 10, ch. 94, of the Gen. Sts.

From evidence that the respondent was found intoxicated so as to disturb and break the public peace, it is warrantable for the court to infer that such intoxication was produced by the use of intoxicating beverage prohibited by statute.

THIS was a grand juror's complaint preferred to the city court of the city of Burlington, alleging that the respondent, " on the 21st day of September, 1874, at said Burlington, was found in such a state of intoxication by the use of intoxicating liquor, as to break and disturb the public peace," *contra formam statui.* Plea, not guilty. The state introduced one Drew as a witness, who testified, that "on the day named in the complaint, the respondent was intoxicated so as to disturb and break the public peace." The state introduced no other testimony. The respondent claimed that said testimony did not tend to show that he had committed the offence charged ; that before he could be convicted, it must be shown that his condition testified to by Drew, was produced by

drinking *intoxicating liquor*. But the court, Tyler, J., adjudged the respondent guilty; to which the respondent excepted. The respondent thereupon moved in arrest of judgment for the insufficiency of the complaint; but the court overruled the motion, and sentenced the respondent to pay a fine and costs; to which the respondent excepted.

*R. H. Start,* for the respondent.

Intoxication produced by the voluntary drinking of spiritous or intoxicating liquor, is the only intoxication that is a crime, or punishable criminally, under the laws of the state. It must, therefore, not only be averred in the complaint, that the respondent was found intoxicated by the use of intoxicating liquor, but, to bring him within the statute, the state must prove that the intoxication was produced by the drinking of intoxicating liquor. *Commonwealth* v. *Whitney*, 11 Cush. 477.

But if the court was warranted in adjudging the respondent guilty, the motion in arrest ought to have been sustained. The complaint does not charge the commission of any offence known to the laws of the state. If it were intended to charge a breach of the peace, the description of the offence is wholly insufficient. The acts constituting the offence should have been set forth. *State* v. *Matthews*, 42 Vt. 542, 552. If it were intended to charge an offense under § 10, ch. 94, it should have been set forth in the language of the statute, or in language of equivalent import; but the complaint does neither, and hence it is totally defective. No principle of criminal law is better settled than that, in indictments and complaints for offences created by statute, the offence must be charged in the very language of the statute creating and defining it, or in language of a similar and equivalent meaning. *State* v. *Jones*, 33 Vt. 443; *State* v. *Cook*, 38 Vt. 437; *State* v. *Daley*, 41 Vt. 564; 1 Bishop Crim. Proced. § 360, n. 2, and § 363; *State* v. *Bromley*, 25 Conn. 6. Every material fact to constitute the crime, must be alleged with time and place. This complaint contains no allegation that the offense was committed in any place. Upon the face of the complaint, the city court had no jurisdiction. This defect is fatal. *State* v. *Bacon*, 7 Vt. 219; *State* v. *Colton,*

4 Foster, 143; 1 Bishop Crim. Proced. § 237; *State* v. *Con O'Keefe*, 41 Vt. 691.

*R. P. B. Hewitt*, state's attorney, for the state.

The objection to the complaint, if any, is one of form, and should have been taken advantage of by demurrer, or motion to quash, before going to trial upon the merits. Acts of 1870, No. 5, § 1.

In declaring upon a statute offence, the indictment or complaint need not adopt the very words of the statute; the same substance, to a reasonable intendment, is sufficient. *State* v. *Little*, 1 Vt. 331; *State* v. *Abbott*, 20 Vt. 537. The crime is, being found intoxicated, &c., or, what is the same, being found in a state of intoxication, &c. The complaint charges the offence more specifically than the language of the statute.

The court found the fact that the respondent was intoxicated as alleged in the complaint, from the testimony of the witness Drew. In common parlance, intoxicated means, intoxicated or drunk by the use of intoxicating liquor. It is the word used by the statute, meaning drunk.

The opinion of the court was delivered by

REDFIELD, J. The complaint alleges that the respondent, " on the 21st day of September, 1874, at said Burlington, was found in such a state of intoxication by the use of intoxicating liquor, as to break and disturb the public peace." The complaint indicates that the pleader, in drawing the complaint, had his mind upon the 33d sec., ch. 94, which provides for the arrest of an intoxicated person while disturbing the public peace, and compelling him to disclose the source from which the intoxicating liquor was obtained. Sec. 10 of the same chapter, provides for the punishment of a person " found intoxicated." We think the averment that the respondent was found in such a " *state of intoxication* as to break and disturb the public peace," quite equivalent to the averment that he was " found intoxicated." The complaint avers that he was found " intoxicated by the use of intoxicating liquor." The witness testified that he found the respondent

37

" so intoxicated as to disturb and break the public peace ;" but did not state by what agency that condition was produced. We think the court was authorized to infer that he was made *drunk* by the use of intoxicating beverage prohibited by the statute.

II. The motion in arrest was properly overruled. Whether it was necessary to allege that the " intoxication " was caused by the use of intoxicating liquor, we have no occasion to determine, as this complaint contains that averment.

Judgment that respondent take nothing by his exceptions, and that the judgment of the city court be affirmed.